[Nos. A060918, A060528, A060131, A059738, A059262, A058244. First Dist., Div. One. Aug. 31, 1994.]

ALIOTO FISH COMPANY, LTD., Plaintiff and Appellant, v. JOSEPH L. ALIOTO et al., Defendants and Appellants.

## Counsel

Trump, Alioto, Trump & Prescott, Mario N. Alioto and Robert J. Dauphin for Plaintiff and Appellant.

John H. Boone, Joseph L. Alioto, Mitchell Blumenthal, Alioto & Alioto, Johan I. Alioto, Linda M. Alioto and Margaret Mullin Weems for Defendants and Appellants.

## Opinion

**STEIN, J.**—In these six consolidated appeals Joseph L. Alioto, Angela M. Alioto, and Alioto & Alioto (hereinafter, Joseph L. Alioto Group), Joseph M. Alioto and John I. Alioto,[1] appeal numerous orders of the trial court enjoining some or all of the appellants to comply with a receiver order and assessing sanctions for the willful failure to comply with the order. Joseph M. Alioto also seeks review of an order denying his motion to modify or dissolve the receivership. The Joseph L. Alioto Group also appeals an order levying property they allege was a client trust account. They also appeal the court's denial of a third party claim to those funds and an order approving allocation of the funds.

Several of the appeals are untimely or are from nonappealable orders and, therefore, must be dismissed. With respect to the remaining appeals, we shall exercise our power to stay or dismiss them based on appellants' record of persistent willful disobedience of the trial court's orders. (See *Moffat v. Moffat* (1980) 27 Cal.3d 645, 652, 653 [165 Cal.Rptr. 877, 612 P.2d 967]; *MacPherson* v. *MacPherson* (1939) 13 Cal.2d 271, 277 [89 P.2d 382]; *Say & Say* v. *Castellano* (1994) 22 Cal.App.4th 88, 94 [27 Cal.Rptr.2d 270]; *Stone* v. *Bach* (1978) 80 Cal.App.3d 442, 448 [145 Cal.Rptr. 599].)

### Facts

In 1989, Alioto Fish Company (Alioto Fish Co.) entered into a settlement agreement with, inter alia, Joseph L. Alioto, Joseph M. Alioto, John I. Alioto, Angela M. Veronese (Alioto), Michael J. Alioto, and Alioto & Alioto. The settlement agreement resolved all outstanding issues concerning the underlying judgment except for Alioto Fish Co.'s right to recover postjudgment attorney fees. Appellants placed $231,000 in escrow pending

---

[1]Separate appellants' briefs have been filed by the Joseph L. Alioto Group, Joseph M. Alioto and John I. Alioto, respectively. For convenience we shall occasionally refer to the Joseph L. Alioto Group, John I. Alioto and Joseph M. Alioto collectively as "appellants."

resolution of Alioto Fish Co.'s claim for attorney fees. The parties to the settlement agreement consented to the continuing jurisdiction of the Marin County Superior Court "with respect to all matters which may arise under this agreement." After several appeals on the issue of attorney fees, the sum of $231,000 that had been placed in escrow was paid to Alioto Fish Co. pursuant to an order dated March 26, 1991.

The current appeals arise from the efforts of Alioto Fish Co. to collect additional attorney fees. On June 5, 1991, the court filed an order granting Alioto Fish Co.'s motion for an additional $141,341.25 in attorney fees and $648.15 in costs incurred in collecting the liquidated sum of $231,000 (hereinafter, the June 5, 1991, Fee Order.) The motion was based on paragraph 14 of the settlement agreement and on Code of Civil Procedure section 128.5. Notice of entry was served by mail on June 7, 1991.[2] None of the appellants filed a timely notice of appeal from the June 5, 1991, Fee Order.

After efforts to collect on this fee order failed, the court, on December 30, 1991, granted Alioto Fish Co.'s request for an order reinstating a receiver and granting other relief (hereinafter, the December Receiver Order). The December Receiver Order required, inter alia, that the Joseph L. Alioto Group, Joseph M. Alioto, and John I. Alioto deposit their income into the receiver's bank account, and provide information concerning their various accounts. It further specified how the deposited income was to be allocated among the receiver's expenses and fees, Alioto Fish Co.'s attorney fees award, and appellants.

The December Receiver Order also provided that "[i]n the event the Judgment Debtors . . . fail to comply with the terms of this order, sanctions shall be assessed at the rate of five hundred dollars ($500.00) per day of non-compliance . . . ." Notice of entry was served by hand on December 30, 1991. Again no timely appeal was filed with respect to this order.[3]

*Appeal No. A058244*

On April 3, 1992, the court granted a motion by the receiver to compel compliance with the receiver order and assessed $18,000 in sanctions against each member of the Joseph L. Alioto Group and John I. Alioto (hereinafter,

---

[2]The Joseph L. Alioto Group, however, asserts that no notice of entry was served or filed. The proof of service states that the notice of entry was served on John I. Alioto who acted as counsel for all appellants by filing an opposition to the motion for attorney fees on their behalf.

[3]As we shall explain *post*, in part I of this opinion, Joseph M. Alioto's July 8, 1992, notice of appeal in No. A058244 is untimely to the extent that it purports to be an appeal from the order reinstating the receiver.

April Sanctions Order). The April Sanctions Order also enjoined all of the appellants to comply with various provisions of the receiver order. It further provided for modification and clarification of several provisions of the receiver order with respect to Joseph M. Alioto, but did not award any sanctions against him. Notice of entry was served on April 6, 1992.

On June 3, 1992, the court granted yet another motion by the receiver to compel compliance with the receiver order and imposing sanctions. Two separate orders imposing sanctions were filed. The first imposed sanctions only against Joseph L. Alioto, John I. Alioto, and Alioto & Alioto. A second order imposed sanctions on Joseph M. Alioto (hereinafter, collectively, the June Sanctions Orders.)

No appeal was taken from the April Sanctions Order. Instead, on July 9, 1992, the Joseph L. Alioto Group filed a notice of appeal from: (1) the June 3, 1992, order denying reconsideration of the April Sanctions Order; (2) the June Sanctions Orders; and (3) a June 15 order assigning payment due.

On July 8, 1992, Joseph M. Alioto filed a notice of appeal from: (1) the June Sanctions Orders, (2) the December Receiver Order reinstating the receiver; and (3) a June 3 order denying Joseph M. Alioto's motion for correction of an April 6 order.

On August 4, 1992, Alioto Fish Co. filed a notice of cross-appeal from the June 3 order denying its motion for reconsideration of the April Sanctions Order to the extent that it denied Alioto Fish Co.'s request for sanctions against Joseph M. Alioto.

*Appeal No. A060528*

The court on August 27, 1992, filed an order granting a third motion to compel and for sanctions filed by the receiver (hereinafter, August Sanctions Order).The August Sanctions Order assessed sanctions against each member of the Joseph L. Alioto Group and John I. Alioto. The court found that the Joseph L. Alioto Group and John I. Alioto had willfully violated numerous provisions of the receiver order. It enjoined them to comply with the receiver order and with the April and June Sanctions Orders. It also authorized the receiver to obtain direct access to bank and credit card information. Notice of entry was served on August 31, 1992.[4]

The Joseph L. Alioto Group did not appeal the August Sanctions Order. Instead, in A060528 they filed an appeal of an order filed on November 19,

---

[4]On October 5, 1992, John I. Alioto, in appeal No. A059262, filed a timely appeal from the August Sanctions Order.

1992, denying their motion for reconsideration of the August Sanctions Order. Notice of entry of the order denying reconsideration was served on November 30, 1992. The Joseph L. Alioto Group did not file its notice of appeal from the order denying the motion for reconsideration until January 29, 1993.

On November 19, 1992, the court also entered another sanctions order with respect to Joseph M. Alioto (November Sanctions Order). The court found that Joseph M. Alioto had willfully violated several provisions of the receiver order and assessed sanctions in the amount of $49,500. Joseph M. Alioto's purported appeal of this order was not timely filed and has already been dismissed.

*Appeals Nos. A059738, A060131 and A060918*

In the remaining three appeals, appellants challenge other orders of the trial court concerning the receivership: In No. A059738, Joseph M. Alioto appeals an October 6, 1992, order denying his motion to dissolve or modify the receivership.[5] In No. A060131, the Joseph L. Alioto Group appeals from an order levying upon an account that the Joseph L. Alioto Group contended was a client trust account. In No. A060918, the Joseph L. Alioto Group filed an appeal from the trial court's subsequent order denying a third party claim to the account levied upon, and approving an order allocating funds.

The trial court specifically found that the Joseph L. Alioto Group had failed, in the third party claim proceeding, to establish that the funds in the account were client trust funds.

ANALYSIS

I.

*Dismissal of Untimely Appeals*

Appellants have filed notices of appeal from numerous orders of the trial court. Several of these appeals are either untimely or are from nonappealable orders and must therefore be dismissed.

A. *December Receiver Order*

■ The only appellant to file a notice of appeal with respect to the December Receiver Order was Joseph M. Alioto. In appeal No. A058244,

---

[5]The notice of appeal states that it is an appeal of an order entered September 6, 1992. In fact, the order was entered on October 6, 1992.

Joseph M. Alioto filed a notice of appeal dated July 8, 1992, seeking to appeal, inter alia, the order of December 30, 1991, reinstating the receiver and granting further relief. An order appointing a receiver is an appealable order. (Code Civ. Proc., § 904.1, subd. (a)(7).) Pursuant to rule 2(a)(2) of the California Rules of Court, the time to file a notice of appeal from the December Receiver Order expired 60 days after service of the notice of entry. Notice of entry was served by hand delivery on Joseph M. Alioto on December 30, 1991. Therefore, Joseph M. Alioto's July 8, 1992, notice of appeal is untimely to the extent that it purports to appeal from the December Receiver Order and that portion of his appeal is dismissed.

## B. *April Sanctions Order*

■ None of the appellants have filed a timely appeal from the order of April 3, 1992, imposing sanctions. We will conclude that the Joseph L. Alioto Group's appeal in appeal No. A058244 of the June 3, 1992, order denying reconsideration of the April Sanctions Order must be dismissed because an order denying reconsideration is not appealable. We will further find that even if the notice of appeal, dated July 9, 1992, is construed as an appeal of the underlying April Sanctions Order, it is untimely. (See, e.g, *Shonkoff* v. *Dant Inv. Co.* (1968) 258 Cal.App.2d 101, 102 [65 Cal.Rptr. 463].)

Courts are split as to whether an order denying reconsideration (Code Civ. Proc., § 1008) is appealable. (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 1993) § 2:158, p. 2-49.) Some courts allow the appeal if the underlying order was appealable and the motion for reconsideration was based on new or different facts. (See *Rabbitt* v. *Vincente* (1987) 195 Cal.App.3d 170, 174 [240 Cal.Rptr. 524].) Other courts deem orders denying reconsideration analogous to nonappealable orders denying a new trial and, thus, treat them as nonappealable. (*Rojes* v. *Riverside General Hospital* (1988) 203 Cal.App.3d 1151, 1160-1161 [250 Cal.Rptr. 435], disapproved on another point in *Passavanti* v. *Williams* (1990) 225 Cal.App.3d 1602, 1605 [275 Cal.Rptr. 887]; *Hayter Trucking, Inc.* v. *Shell Western E&P, Inc.* (1993) 18 Cal.App.4th 1, 5, fn. 1 [22 Cal.Rptr.2d 229]; see also *Gill* v. *Hughes* (1991) 227 Cal.App.3d 1299, 1310, fn. 3 [278 Cal.Rptr. 306].)

It is, however, unnecessary for us to resolve this split of authority. The June 3, 1992, order denying a motion for reconsideration of the April 3 order would not be appealable even under the line of authority that holds such an order is appealable when the motion for reconsideration is based on "new or different facts." Joseph L. Alioto's declaration filed on behalf of the Joseph

L. Alioto Group in support of the motion for reconsideration does not raise new or different facts. The declaration essentially asks the court to reconsider the same facts set forth in his original declaration in opposition to the motion. Therefore, the July 9, 1992, notice of appeal from the June 3 order denying reconsideration of the April Sanctions Order must be dismissed as a purported appeal from a nonappealable order.

Were we to construe the July 9, 1992, notice as an appeal from the underlying April Sanctions Order, instead of from the order denying reconsideration, the appeal would nevertheless be dismissed as untimely. Notice of entry of the April Sanctions Order was mailed on April 6, 1992. Under California Rules of Court, rule 2, the time to appeal the April Sanctions Order expired 60 days later. The Joseph L. Alioto Group did not file a notice of appeal until July 9, 1992. Nor is the appeal timely under California Rules of Court, rule 3. The court clerk mailed notice of entry of the order denying reconsideration on June 4, 1992. Assuming arguendo that the motion for reconsideration was timely and extended the time for filing an appeal of the April Sanctions Order under rule 3(a) until 30 days after entry of the order denying reconsideration, the time under rule 3(a) expired on July 7, 1992, 2 days before the notice of appeal was filed.[6]

For the same reason, Alioto Fish Co.'s August 4, 1992, notice of cross-appeal from the June 3, 1992, order denying their motion for reconsideration of the April Sanctions Order must also be dismissed. (Appeal No. A058244.) Alioto Fish Co.'s motion for reconsideration did not include a supporting declaration and no attempt was made to present "new and different" facts. Therefore, under either line of authority, the June 3, 1992, order denying Alioto Fish Co.'s motion for reconsideration is not an appealable order. (See *Hayter Trucking Inc.* v. *Shell Western E&P, Inc., supra*, 18 Cal.App.4th at p. 5, fn. 1.) If construed instead as an appeal from the underlying April Sanctions Order, Alioto Fish Co.'s notice of cross-appeal was untimely under California Rules of Court, rule 2 and rule 3(a). Notice of entry of the June 3 order denying its motion for reconsideration was mailed by the clerk on June 4, 1992. The time for filing a notice of appeal expired 30 days thereafter, before the August 4 notice of cross-appeal was filed.[7]

---

[6]The 30th day actually fell on a weekend, so that the last day to file was on the following Monday, July 7, 1992. (See Cal. Rules of Court, rules 45(a) and 138(a).)

[7]The extension for filing a cross-appeal to 20 days following mailing of notification of the first appeal set forth in rule 3(c) applies only when the first notice of appeal is timely. (See Cal. Rules of Court, rule 3(c); see also *Rolen* v. *Rhine* (1981) 117 Cal.App.3d 23, 26 [172 Cal.Rptr. 456].) We have already determined that the Joseph L. Alioto Group's appeal of the April Sanctions Order was untimely and that no appeal, in any event, lies from the June 3 order denying the motion for reconsideration.

## C. *August Sanctions Order*

The Joseph L. Alioto Group also failed to file a timely notice of appeal with respect to the August Sanctions Order. Their notice of appeal, filed on January 29, 1993, states that it is from a November 30, 1992, order denying reconsideration of the August Sanctions Order. (Appeal No. A060528.) As we have already explained with respect to the April Sanctions Order, an order denying reconsideration is not an appealable order. (See *Hayter Trucking Inc.* v. *Shell Western E&P, Inc., supra,* 18 Cal.App.4th at p. 5, fn. 1.) The order is not appealable even if we were to follow the line of authority cited in *Hayter, supra,* that permits an appeal from an order denying reconsideration when the motion is based on new and different facts. A comparison of the Joseph L. Alioto Group's declaration in opposition to the August Sanctions Order with its declaration in support of the motion for reconsideration shows that the motion for reconsideration was not based on any new facts.

Even if this notice of appeal were construed as an appeal from the underlying August Sanctions Order, it would nevertheless be untimely under California Rules of Court, rules 2 and 3. Notice of entry of the August Sanctions Order was served on August 31, 1992. Therefore, the January 29, 1993, notice of appeal was filed well outside the time prescribed by rule 2. It is also untimely under rule 3(a) because notice of entry of the order denying reconsideration was served on November 30, 1992. The time under rule 3(a) therefore expired 30 days later, well before January 29, 1993.

Appellants occasionally characterize the sanctions orders as judgments of civil contempt pursuant to Code of Civil Procedure section 1209 et seq., and then attack the validity of the orders alleging that the procedure for civil contempt was not followed. Judgments of civil contempt are not appealable. (Code Civ. Proc., §§ 1222; 904.1, subd. (a)(1)(B).) If we were to accept appellants' characterization of these sanctions orders as judgments of civil contempt, all of the appeals from the sanctions orders would have to be dismissed. For the purpose of resolution of the immediate question before us, i.e., whether to stay or dismiss the appeals, we shall assume arguendo that these sanctions orders are appealable.[8]

In sum, Joseph M. Alioto's appeal No. A058244 is dismissed as untimely to the extent that it seeks review of the December Receiver Order. The

---

[8]The ultimate determination of whether the sanctions were imposed pursuant to the court's contempt power and therefore are nonappealable, or pursuant to Code of Civil Procedure section 128.5, or pursuant to some other authority will require further analysis of the merits, which is unnecessary to the instant disposition of these appeals. Final resolution of the appealability of the sanctions orders will be reserved until such time as appellants satisfy the conditions specified in part IV of this opinion for lifting the stay we shall impose.

Joseph L. Alioto Group's appeal in No. A058244 from the June 3, 1992, order denying reconsideration of the April Sanctions Order is dismissed because the order denying reconsideration is not an appealable order. If construed as an appeal of the underlying April Sanctions Order, it is untimely under California Rules of Court, rules 2 and 3. Alioto Fish Co.'s cross-appeal in appeal No. A058244 from the order denying its motion for reconsideration of the April Sanctions Order is dismissed for the same reasons.

In appeal No. A060528, the Joseph L. Alioto Group's appeal of the order denying reconsideration of the August Sanctions Order is also dismissed because the order denying reconsideration is not appealable. If construed as an appeal of the underlying August Sanctions Order, the appeal is untimely under California Rules of Court, rules 2 and 3.

II.

### Discretion to Stay or Dismiss Based on Appellants' Defiance of Trial Court Orders

As a result of the above mentioned dismissals, and of our prior order in appeal No. A060528 dismissing Joseph M. Alioto's untimely appeal of the November Sanctions Order, the following sanctions orders are no longer subject to review in these appeals: (1) the April Sanctions Order imposing sanctions on the Joseph L. Alioto Group and John I. Alioto; (2) the August Sanctions Order as applied to the Joseph L. Alioto Group; and (3) the November Sanctions Order as applied to Joseph M. Alioto. These orders constitute final adjudications of appellants' willful disobedience of the December Receiver Order. ▆▆▆ Alioto Fish Co. has requested that this court exercise its power to stay or dismiss the remaining appeals based upon appellants' continuing defiance of the trial court's orders. (See, e.g., *MacPherson* v. *MacPherson*, *supra*, 13 Cal.2d at p. 277; *Say & Say* v. *Castellano*, *supra*, 22 Cal.App.4th at p. 94; *Stone* v. *Bach*, *supra*, 80 Cal.App.3d at p. 448.)[9]

▆▆▆ The appellate court has the power to stay or dismiss the appeal of any litigant who has contumaciously defied the orders of the superior court. "A party to an action cannot, with right or reason, ask the aid and assistance

___

[9]This issue is fully briefed by Alioto Fish Co., and although appellants had a full opportunity to respond, they have chosen not to. They indirectly respond to this argument by contending that either the June 5, 1991, Fee Order or the December Receiver Order is void and that, therefore, they cannot be sanctioned for their failure to comply with these orders. Any arguments concerning Alioto Fish Co.'s request to stay or dismiss these appeals that have not been raised in appellants' briefs are deemed waived. (Cal. Rules of Court, rule 13.)

of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state." (*MacPherson* v. *MacPherson*, *supra*, 13 Cal.2d at p. 277.) In *MacPherson* the husband appealed an order granting attorney fees to his former wife, which were incurred in a protracted effort to enforce a custody order after the husband left the country with the couple's children. The court granted the wife's request to dismiss the appeal because the husband continued to defy the custody order and had been formally adjudicated in contempt. The court rejected the husband's contention that the trial court lacked jurisdiction to find him in contempt, noting that regardless of alleged defects in the manner of service there was ample evidence that the husband had actual notice of the orders he was charged with having violated. (*Id.* at pp. 278-279.)

Although the power to stay or dismiss an appeal is typically exercised when the litigant is formally adjudicated in contempt of court, "the same principle applies to wilful disobedience or obstructive tactics without such an adjudication." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 172, p. 184; see also *Stone* v. *Bach*, *supra*, 80 Cal.App.3d at p. 444.) ▮ For the purpose of exercising this power, it is unnecessary to determine whether the sanction orders qualify as formal judgments of civil contempt pursuant to Code of Civil Procedure section 1209 et seq., or are imposed pursuant to section 128.5 or pursuant to some other statutory, legal or equitable author-ity. The successive orders to compel and imposing sanctions contain judicial findings that the appellants have persisted in willfully disobeying the trial court's orders.With respect to each appellant, one or more of the sanction orders are now final. The principle permitting this court to stay or dismiss an appeal does not require a formal judgment of civil contempt. It "is based upon fundamental equity and is not to be frustrated by technicalities," such as the absence of a formal citation and judgment of contempt. (*Stone* v. *Bach*, *supra*, 80 Cal.App.3d at p. 444.)

For example, in *Stone*, a judgment was entered dissolving the partnership between the plaintiff and defendant. The plaintiff moved to dismiss the defendant's appeal because the defendant had twice violated the orders of the superior court: The court had found, prior to trial, that the defendant had knowingly violated an order requiring him to deposit partnership monies into a trustee bank account. The ensuing judgment ordered the defendant either to deposit the money in the specified account or pay the plaintiff his half directly. The defendant did not comply. In addition, the defendant refused to be sworn for examination as a judgment debtor. The trial court, however, never entered a formal written judgment of contempt. The appellate court specifically rejected the defendant's contention that it could not dismiss his appeal, based on his disobedience of the trial court's orders, because the trial

court failed to enter a formal written judgment adjudicating the defendant in contempt and imposing punishment. (*Stone* v. *Bach*, *supra*, 80 Cal.App.3d at p. 448.)

In *Tobin* v. *Casaus* (1954) 128 Cal.App.2d 588 [275 P.2d 792, 49 A.L.R.2d 1419], the court exercised its power to stay an appeal in a case involving facts similar to those presented in this case. The defendant appealed a money judgment without staying execution. A receiver was thereafter appointed to take over the defendant's assets. The defendant failed to appear for a debtor's examination and a warrant was issued for his arrest. The defendant never surrendered on the warrant or appeared in court. The appellate court concluded that it was appropriate to exercise its power to stay the appeal, even though the defendant had never been formally adjudicated in contempt of court. The court observed that by responding to the motion to dismiss the appeal, the appellant demonstrated that he had actual notice of the trial court's order and had nevertheless failed to comply with it. The court further noted that, assuming arguendo that the appellant could attack the validity of the underlying bench warrant, he had failed to meet his burden of establishing that "the court acted in excess of its jurisdiction." (*Id.* at p. 592.)

In *Tobin*, in lieu of an immediate dismissal, the court stayed the appeal for 30 days, during which time the defendant could submit certified copies of the trial court's minutes "reflecting his appearance, and satisfaction of the court's [orders] . . . ." (128 Cal.App.2d at p. 593.) If the defendant failed to do so, or "resort[ed] to evasive or dilatory tactics in either the court below or this court," the appeal was to be dismissed without further opinion or hearing. (*Ibid.*)

More recently, in *Say & Say* v. *Castellano*, *supra*, 22 Cal.App.4th 88, the court dismissed an appeal of an order dismissing the appellant's action for failure to post a vexatious litigant bond, on the ground that the appellant had "been adjudged in contempt of court on three occasions in recent months." (*Id.* at p. 94.) The court observed that the power of an appellate court to stay or dismiss an appeal by a party who has refused to obey the legal orders of the superior court is "well established." The court explained that, "[d]ismissal is not a penalty imposed as a punishment for criminal contempt. It is an exercise of a state court's inherent power to use its processes to induce compliance with a presumptively valid order." (*Ibid.*, internal quotation marks omitted.) The court noted that the appellant had made no attempt to purge the contempts and remained " 'flagrantly and persistently [in defiance

of] court order[s and thus] is not entitled . . . to ask the aid and assistance of a court.' " (*Ibid.*)[10]

These cases establish that it is within this court's discretion to stay these appeals until appellants satisfy this court that they have complied with the receiver order or, in the alternative, to dismiss them forthwith.

## III.

*Validity of the June 5, 1991, Fee Order and the December Receiver Order*

Appellants seek to justify their failure to comply with the trial court's orders by challenging the merits of either the June 5, 1991, Fee Order or December Receiver Order despite the fact that they never sought timely review. They also contend that these orders are "void" on various grounds and that they therefore could not be sanctioned for disregarding them. (5) The right to appeal "must not be lightly forfeited . . . where a doubt exists as to a litigant's conduct being contumacious or wilful." (*Tobin* v. *Casaus, supra,* 128 Cal.App.2d at p. 592.) We shall therefore address these contentions for the limited purpose of demonstrating that appellants' willful disobedience of these orders may not be excused on the ground that the orders were void, or that the court lacked personal jurisdiction over any of the appellants for the purpose of compelling their compliance with these orders.

■ Appellants first raise various arguments with respect to the merits of the June 5, 1991, Fee Order and the December Receiver Order, which would be cognizable only in a direct appeal from these orders. These contentions include the argument that the trial court misinterpreted the attorney fees provision in the settlement agreement, and the contention that it was an abuse of discretion to appoint the receiver. We shall not address these contentions because appellants failed to file timely notices of appeal with respect to these orders and they are now final. (Code Civ. Proc., § 906.)

The Joseph L. Alioto Group suggests that they could not appeal the June 5, 1991, attorney fees award because it was not final or appealable unless the court entered a separate judgment. We have already rejected a virtually identical argument in a prior appeal (*Swig Investment Co.* v. *Lazio* (Jan. 14,

---

[10]John I. Alioto attempts to distinguish the foregoing cases, arguing that, in those cases the appellants had not challenged, by writ or appeal, the validity of the contempt orders themselves. He argues that he has filed a timely appeal of the August Sanctions Order, and he should be allowed to "purge his contempt" by demonstrating that the sanctions order was erroneous, or invalid. He has not, however, sought timely review of the April or June Sanctions Orders, and they are now final.

1991) A047657 [nonpub. opn.]) by Alioto Fish Co. of an order denying attorney fees. In that case, the Joseph L. Alioto Group contended that an order denying Alioto Fish Co.'s motion for attorney fees was not an appealable postjudgment order, and the contention was squarely rejected by this court. We stated: "In our view there can be no doubt that any postjudgment order granting or denying a motion for attorney's fees is an order made after an appealable judgment." The Joseph L. Alioto Group does not attempt to distinguish the order entered in this case from the order we expressly found appealable in the prior appeal. Moreover, if the June 5, 1991, Fee Order was based on Code of Civil Procedure section 128.5, rather than on paragraph 14 of the settlement agreement, then it was appealable as a sanctions order in excess of $5,000 pursuant to Code of Civil Procedure section 904.1, subd. (a)(11) or (12). The June 5, 1991, Fee Order is a final and appealable order from which no appeal has been taken. It is, therefore, not subject to review in an appeal of subsequent appealable orders or from a final judgment. (Code Civ. Proc., § 906; see also 8 Witkin, Cal. Procedure, *supra*, Attack on Judgment in Trial Court, § 10, p. 414; 9 Witkin, Cal. Procedure, *supra*, Appeal, § 41, p. 65.)

Similarly, none of the appellants filed a timely appeal of the order appointing a receiver. Code of Civil Procedure section 904.1, subdivision (a)(7), specifically provides that an order appointing a receiver is appealable. Therefore it, too, is no longer subject to direct review.

■ In apparent recognition of the fact that these orders are not subject to direct review, appellants alternatively rely on the basic general principle that a party cannot be held in contempt of a void order. (See, e.g., *Board of Medical Examiners* v. *Terminal-Hudson Electronics, Inc.* (1977) 73 Cal. App.3d 376, 388 [140 Cal.Rptr. 757].) They therefore challenge the validity of the underlying June 5, 1991, Fee Order and the order appointing the receiver, by characterizing the alleged defects in these orders as jurisdictional, or as errors which render these orders void. In effect, they seek to excuse their noncompliance with these orders by collaterally attacking them.

The Joseph L. Alioto Group and Joseph M. Alioto assert that the court had no "jurisdiction" under the Enforcement of Judgments Act (Code Civ. Proc., § 680.010 et seq.) to appoint a receiver or otherwise compel compliance with the receiver order, because the underlying June 5, 1991, Fee Order is merely an order and therefore not an enforceable "judgment." They also contend that, even if an order can be enforced as a judgment, the order was never entered in the "judgment book" pursuant to Code of Civil Procedure section 668.

Section 680.230 of the Code of Civil Procedure specifically defines "judgment" to include an "order . . . entered in a court of this state."

Therefore the June 5, 1991, Fee Order is a "judgment" within the meaning of Code of Civil Procedure section 680.230. In Marin County, the clerk, pursuant to Code of Civil Procedure section 668.5 is not required to enter judgments in a judgment book. Instead, "the date of filing the judgment with the clerk shall constitute the date of its entry." (Code Civ. Proc., § 668.5.) (*County of Los Angeles* v. *Ranger Ins. Co.* (1994) 26 Cal.App.4th 61, 62 [31 Cal.Rptr.2d 257].) The June 5, 1991, Fee Order was therefore an "order . . . entered in a court of this state." (Code Civ. Proc., § 680.230.)

The Joseph L. Alioto Group also asserts that in our prior opinion in *Swig Investment Co.* v. *Lazio, supra*, A047657, we directed that any order granting attorney fees pursuant to Code of Civil Procedure section 664.6 must be made in the form of a separate judgment.[11] In our former opinion we merely observed that pursuant to section 664.6, the trial court was authorized to adjudicate Alioto Fish Co.'s claim for attorney fees. We said nothing on the question whether an award of attorney fees should be in the form of an order or judgment. Indeed, we question whether the form of the award as an order or as a judgment would affect the jurisdiction of the court to enforce its order (see Code Civ. Proc., § 680.230).

The Joseph L. Alioto Group also asserts that Alioto & Alioto is a stranger to the action. Therefore, they argue, as applied to Alioto & Alioto, the June 5, 1991, Fee Order and all subsequent orders were void. (See, e.g., *Fazzi* v. *Peters* (1968) 68 Cal.2d 590, 594 [68 Cal.Rptr. 170, 440 P.2d 242].) It is indisputable that Alioto & Alioto was a party to the 1989 settlement agreement. The June 5, 1991, Fee Order was based either upon Alioto Fish Co.'s contractual claim to attorney fees pursuant to paragraph 14 of the 1989 settlement agreement, or was awarded pursuant to Code of Civil Procedure section 128.5, based upon tactics used in the litigation concerning Alioto Fish Co.'s claim to attorney fees. In either case, the liability for the fees was properly imposed on Alioto & Alioto.

The Joseph L. Alioto Group also advances an argument that the December Receiver Order is void with respect to Joseph L. Alioto because a federal tax lien creates a superior competing claim to his income. The Internal Revenue Service (IRS) claimed priority, based on its tax lien, to specific funds held by the receiver, and removed the third party claim to

---

[11]The Joseph L. Alioto Group relies on the following language in our prior opinion: "We conclude that section 664.6 should be construed as authorizing a procedure *not only for the entry of judgment pursuant to the settlement agreement but for the adjudication of matters incidental to the judgment, such as attorney's fees,* that come within the established compass of post judgment motions." (Italics added.)

these specific funds to federal court.[12] The district court eventually entered judgment establishing priority of claims to these funds. The assertion by the IRS of a claim to specific funds held by the receiver does not excuse Joseph L. Alioto from complying with the receiver order concerning payment of undisputed income to the receiver. Nor could it excuse failure to comply with provisions of the receiver order requiring Joseph L. Alioto to provide information concerning bank accounts and other financial information. The Joseph L. Alioto Group fails to offer any other comprehensible challenge to the validity of the receiver order based on the existence of the federal tax lien, and we therefore deem any such challenge to be waived. (See Cal. Rules of Court, rule 13; see also *Berger* v. *Godden* (1985) 163 Cal.App.3d 1113 [210 Cal.Rptr. 109].)

 John I. Alioto contends that the court lacked personal jurisdiction to impose sanctions for his failure to comply with the December Receiver Order, because neither the December Receiver Order nor the April and June motions to compel compliance with that order were personally served upon him.[13] He contends personal service was required, pursuant to Code of Civil Procedure section 717.010, before he could be found in contempt or sanctioned. He concludes the court lacked personal jurisdiction to compel compliance with the December Receiver Order and to sanction him for noncompliance.

Assuming arguendo that personal service of the December Receiver Order was required, a general appearance waives any objection to defects in service.[14] (See *California Dental Assn.* v. *American Dental Assn.* (1979) 23 Cal.3d 346, 352 [152 Cal.Rptr. 546, 590 P.2d 401].) " '[I]f a defendant wishes to insist upon the objection that [the court lacks personal jurisdiction] he must specially appear for that purpose only, and must keep out for all purposes except to make that objection.' " (*Id.* at p. 352.) John

---

[12]These appeals were temporarily stayed after the appellants filed a petition for removal of the entire receivership proceedings. The stay was lifted after the federal court remanded all matters except for the competing claims of Alioto Fish Co., Mitchell Blumenthal and the IRS to the specific fees that were the subject of the third party claim.

[13]John I. Alioto acknowledges that on or about August 6, 1992, in response to his objections to the form of service, he was personally served with the motion to compel that led to the August Sanctions Order, and with the April and June Sanctions Orders. He does not inform this court whether, after being personally served with all of the orders, he has since complied with any of them.

[14]We do not decide in this opinion whether Code of Civil Procedure section 717.010 or any other provision of the Code of Civil Procedure required that the June 5, 1991, Fee Order and the December Receiver Order had to be personally served before the court could impose sanctions for failure to comply. For the limited purpose of addressing John I. Alioto's contention that the court lacked personal jurisdiction to sanction him for failing to comply with the receiver order, we shall assume, arguendo, that personal service was required.

I. Alioto claims he did not make any general appearances with respect to the June 5, 1991, Fee Order or the receiver order, and to have appeared only specially in opposition to the motions for sanctions. The record is to the contrary. He made a general appearance in opposition to the June 5, 1991, Fee Order by filing an opposition on the merits on behalf of all the appellants. He further made a general appearance in opposition to the motion to reinstate the receiver through Joseph L. Alioto. The opposition on the merits specifically stated that it was filed on behalf of all the appellants, including John I. Alioto.[15]

Although John I. Alioto purported to make a special appearance in opposition to the April Sanctions Order, his written opposition also addressed the merits by contending that the receivership order is invalid to the extent that it allegedly required that more than 25 percent of the debtor's earnings be garnished. This appearance, therefore, was not limited to the assertion that the court lacked *personal* jurisdiction. Instead, he attempted to avoid the imposition of sanctions by attacking the terms of the receiver order on the merits. John I. Alioto therefore made a general appearance in opposition to this first motion for sanctions. (*California Dental Assn.* v. *American Dental Assn.*, *supra*, 23 Cal.3d at p. 352.) These general appearances in the proceedings leading to the June 5, 1991, Fee Order and the receiver order, and the first of the successive motions to compel and sanctions, waived any alleged defect in service. The court therefore had personal jurisdiction over John I. Alioto for purposes of compelling compliance with these orders and imposing sanctions.

John I. Alioto asserts in his reply brief that he never had *actual* notice of the motion to reinstate the receiver, or of the December Receiver Order, and that he asserted lack of actual notice in opposition to the April Sanctions Order. His citations to the record demonstrate that, to the contrary, John I. Alioto never asserted that he lacked actual notice, although he did assert defects in the manner of service.

This belated contention that he lacked actual notice is not supported by the record. John I. Alioto, acting as counsel for all the appellants, including himself, filed the opposition to the request for fees that was granted in the June 5, 1991, Fee Order. The motion to reinstate the receiver was served by hand on John. I. Alioto at the business address of Alioto & Alioto. John I.

---

[15]John I. Alioto never made a motion in the proceedings below to withdraw this appearance as unauthorized. (Cf. *Wilson* v. *Barry* (1951) 102 Cal.App.2d 778, 780-781 [228 P.2d 331].) In his reply brief, he states only that he "cannot account for the appearance of his name on other parties' papers other than to note that such act was not authorized." This assertion is made without any evidentiary support, citation to the record, or legal argument, and therefore shall not be considered by this court. (Cal. Rules of Court, rule 13.)

Alioto then filed an opposition to the motion through Joseph L. Alioto. The December Receiver Order also appears to have been served by hand on John I. Alioto at the business address of Alioto & Alioto.[16] Any doubt that John I. Alioto had actual notice of the receiver order is eliminated by the fact that attached to the receiver's first motion to compel were copies of numerous letters from the receiver seeking informally to secure John I. Alioto's compliance with the receiver order, which were addressed to him at both his home address and to the business address of Alioto & Alioto.

 The Joseph L. Alioto Group attempts to join in a variation of John I. Alioto's argument by asserting that they were never personally served with the receiver order or any of the sanctions orders. They never attempted to make only a special appearance in the proceedings below. Their general appearances waived any objection to defects in service.

Appellants, therefore, cannot excuse their failure to comply with the December Receiver Order or the June 5, 1991, Fee Order on the ground that these were "void" orders, or that the court lacked personal jurisdiction to compel their compliance with these orders.

## IV.

### Conclusion

The successive orders compelling compliance and sanctioning the appellants establish their continuing defiance of the receiver order. At least one sanctions order has been entered against each of the appellants. Several of the orders, finding that appellants have failed to comply with the receiver order and sanctioning them, have become final because of appellants' failure to seek timely review.

We conclude that the record before us demonstrates a calculated attempt to obstruct enforcement of valid orders. Appellants have effectively nullified the orders of the trial court by forcing the court to issue a succession of orders compelling compliance and imposing sanctions with no apparent effect. If we were to proceed on the merits of these appeals while appellants remain defiant of the orders below, they will have, in effect, achieved a stay of enforcement of the receiver order without ever having filed a timely appeal of that order, or posted the bond specified in Code of Civil Procedure section 917.5. Indeed, Alioto Fish Co. asserts that appellants' continuing defiance of the receiver order has brought the receivership to a standstill.

---

[16]The proof of service contains a typographical error, listing John L. Alioto, instead of John I. Alioto.

Appellants provide no information to the contrary. Appellants' continuing defiance of the receiver order, and of the successive orders compelling compliance with that order and imposing sanctions, warrants the imposition of a stay of these appeals until appellants satisfy this court that they are in compliance with the trial court's orders. (See *Tobin* v. *Casaus, supra,* 128 Cal.App.2d at p. 593.)

Accordingly, those appeals that are not dismissed as untimely or as being from nonappealable orders, shall be stayed for 30 days after the date this stay order is filed. The stay shall be lifted if appellants provide this court with satisfactory proof that they have paid the sanctions imposed against them and are in compliance with all provisions of the December Receiver Order. If these conditions are not met within 30 days after the stay order is filed, the remaining appeals shall be dismissed without further hearing or argument. (See *Tobin* v. *Casaus, supra,* 128 Cal.App.2d at p. 593.)[17]

### ORDER OF STAY OR DISMISSAL

It is the order of this court that those appeals or portions thereof identified in part II as either untimely or from nonappealable orders are hereby dismissed.

It is further ordered that the remaining appeals are stayed for a period of 30 days after this order is filed. If at the expiration of this period the conditions for lifting the stay are not satisfied, the remaining appeals shall be dismissed forthwith.

Strankman, P. J., and Dossee, J., concurred.

---

[17] In light of the fact that compliance with the receiver order is a continuing act, and that appellants have not timely appealed that order, nor posted a bond to stay enforcement of that order pursuant to Code of Civil Procedure section 917.5, we further provide that, if the stay is lifted during the pendency of these appeals, this court shall take judicial notice of any subsequent orders of the trial court finding that appellants have once again willfully disobeyed the receiver order, or any other order of the trial court, and shall dismiss the appeals of the offending appellants forthwith.