64 Cal.App.4th 1279 (1998)
In re KELLEY L. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent,
v.
DANIEL L., Defendant and Appellant.
Docket No. B106142.
Court of Appeals of California, Second District, Division Two.
May 28, 1998.
*1280 COUNSEL
Jane B. Winer, under appointment by the Court of Appeal, for Defendant and Appellant.
De Witt W. Clinton, County Counsel, Joe Ben Hudgens, Deputy County Counsel and Gary P. Gross for Plaintiff and Respondent.
OPINION
ZEBROWSKI, J.
The six minor children of appellant Daniel L. (Father) now live with their mother in Florida. The juvenile court has terminated the court's jurisdiction over the children. Father contends he did not receive notice of the court's final orders and argues he is therefore entitled to reversal. The parties agree that he was not given notice of the hearing but dispute the nature of the hearing and whether notice was required. Finding *1281 that Father should have been given notice regarding the exit orders, we reverse and remand for a hearing so that he will have an opportunity to contest the content of the exit orders.

PROCEDURAL HISTORY AND STATEMENT OF FACTS
A petition filed in the juvenile court in February 1993 alleged inter alia that minors were periodically exposed to violent confrontations between their parents that endangered their physical and emotional safety.[1] The minors were briefly placed in foster care and then were placed with their mother, with whom they have remained.
Minors were detained and later placed with their mother, who moved to Florida. By September 1995, while at least one of the previous appeals was pending, the Los Angeles Department of Children and Family Services (the Department) was recommending that jurisdiction be terminated, that family services be discontinued, and visitations between Father and minors be worked out through the family law court. Father appeared at the September 1995 judicial review hearing. His attorney did not.
Father again appeared at the hearing of October 19, 1995. His attorney again failed to appear. The court ordered counsel to appear and show cause why sanctions should not be imposed for counsel's failure to appear on September 18 and October 19, 1995.
Both Father and his counsel appeared on October 30. The court warned counsel that if he failed to appear again, he would be fined $500. In response to the request for termination of the court's jurisdiction, Father's counsel stated there were still appeals pending from prior orders in this matter. Nevertheless, the court stated: "Jurisdiction is terminated subject to proof that there is another appeal or appeals as indicated by [Father]." After checking the status of the appeals, the court continued the matter to April 24, 1996.
Father was present at the hearing of April 24, 1996; but his attorney did not appear. Father stated the matter needed to be continued because "The *1282 appellate courts have not made a decision yet." The court agreed and stated it intended to continue the matter and ordered it continued until October 25, 1996, with all prior orders to remain in full force and effect and the prior order terminating jurisdiction stayed pending the appellate process. Father was to advise his attorney.[2]
In May 1996, minors requested the court to terminate jurisdiction despite the pending matters in the Court of Appeal. Father's counsel was given notice of the May 20 hearing but did not appear.[3] The court continued the matter to June 14, with any response due by June 10. Minors' counsel was to give notice to Father's counsel. There is no indication of notice to Father.
On June 10, 1996, Father's counsel called the court to ask for a two-week continuance based on an illness in his family and in order to file his response and points and authorities. Minors' counsel had no objection to the continuance, noting the termination of jurisdiction hearing was set for June 14. The court stated, "The court might [have an objection to continuance]" and then denied the continuance and granted the motion, announcing "Jurisdiction is terminated."
After announcing the termination of jurisdiction, the court asked if there was an exit order in the court file. Minors' counsel stated there had been a stipulation regarding visitation when Mother moved to Florida; she offered to prepare a family law order for the court. The court ordered that she do so and serve a copy on Father's counsel indicating the court would sign the order on July 1, 1996, unless the court heard an objection. Any objection was to be argued July 1.
Father's counsel appeared on July 1.[4] Counsel requested that the order staying termination remain in effect until the Court of Appeal reached a decision. Regarding the visitation order, Father's counsel stated that the order did not take into account the current telephone visitation and did not lay out the requirements for the monitoring of visitation.
Minors' counsel reminded the court that it had denied a continuance and terminated jurisdiction at the previous hearing. The court then noted its *1283 concerns about the proffered exit order and asked that it be rewritten and mailed to Father's counsel. The court would hold the document for 10 days from the date of mailing and would sign it if no written objections were received.
Father's counsel stated, "just so the record is clear, I'm requesting no objection to the termination. The court had already terminated jurisdiction, but I ask that the stay that the court put in effect at the time it made its initial termination order, remain in effect until the [Court of Appeal] case has been determined." The court denied that request, stated the appeal "appears to be specious," but if it is not that Father's counsel should contact the county counsel who can request reinstatement of jurisdiction, which the court would order. The matter was to be calendared for 15 days from proof of service.
On August 14, 1996, there was no appearance by Father or by Father's counsel. The court stated it had received the family law order with a copy of a letter addressed to all counsel. Father's counsel had not responded. All other counsel had approved the family law order as to form and content. The court continued: "Court signs the order this date. Jurisdiction is terminated. Court finds that there is no further need for this court to maintain jurisdiction. This matter should be properly litigated and heard in family law court."
Also on August 14, 1996, the juvenile court signed an order regarding custody and visitation. The trial court ordered sole physical custody to Mother and joint legal custody to Mother and Father. Protective orders were entered as to Father.[5]
On September 12, 1996, Father filed a notice of appeal from the orders of July 1 and August 14, 1996.[6] His brief on appeal addresses the orders of August 14.

CONTENTIONS ON APPEAL
(1) Father contends that the orders of August 14 should be reversed because he was not given notice of the proceedings as required by the Welfare and Institutions Code and the California Rules of Court. The Department does not contest that Father was not given notice. Rather, the *1284 Department contends that notification is not required for each motion to lift a stay of an order terminating jurisdiction and, at any rate, the participation of Father's counsel in the case cures any defects of lack of notice to Father.

DISCUSSION

Notice to Father was required.
Section 388 provides in part that a parent or other person with an interest in a dependent child may file a verified petition with the court for a hearing "to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." Moreover, "If it appears that the best interests of the child may be promoted by the proposed change of order or termination of jurisdiction, the court shall order that a hearing be held and shall give prior notice, or cause prior notice to be given, to such persons and by such means as prescribed by Section 386, and, in such instances as the means of giving notice is not prescribed by such sections, then by such means as the court prescribes." (Ibid., italics added.)
Section 386 provides: "No order changing, modifying, or setting aside a previous order of the juvenile court shall be made either in chambers, or otherwise, unless prior notice of the application therefor has been given by the judge or the clerk of the court to the probation officer and to the minor's counsel of record, or, if there is no counsel of record, to the minor and his parent or guardian." (Italics added.)
California Rules of Court, rule 1431(c), requires that regarding notice of a hearing pursuant to section 386, "Petitioner shall cause notice of the hearing to be served on the persons and in the same manner prescribed by rule 1407." Similarly, rule 1432(e), provides regarding section 388 that "The clerk shall cause notice of the hearing to the persons and in the same manner prescribed by rule 1406 [sic]."[7] Rule 1407(e)(3) provides that the clerk shall cause the notice and attached copy of the petition to be served on each person described in subdivision (a)(5), which includes the parents.
The Department does not dispute that notice to a parent is required for hearings pursuant to section 388. However, the Department contends that the section 388 requirement of notice to Father does not apply because the purpose of the August 14 hearing was merely to lift the stay order that had long been pending as Father's previous appeals were in this court and that Father had had notice of the October 30, 1995, hearing at which jurisdiction was initially terminated and had appeared with his counsel on that date.
*1285 Father contends that the proceedings on August 14 were not just to lift the stay of the termination order but were also to modify the termination order with "exit orders" regarding visitation and custody and that notice to Father was therefore required. He claims he was prejudiced in that he needed to be present to have an opportunity for input regarding the substance of the exit orders. He did not want his telephone and in-person visits with his children to be monitored by a third person. Thus, he rejects the Department's claim that counsel's presence on July 1, arguing the family law order should reflect the current telephone visiting arrangements as well as preserving legal objections to lifting the stay, waives any defect in notice to Father of the later proceedings.
We agree that Father should have been given notice of the August 14 proceedings, at least insofar as the hearing involved the exit orders. We cannot say with confidence that his appearance to contest the content of the exit orders would have made no difference.[8] Because it is necessary to vacate the termination of jurisdiction order so that a hearing on the exit orders may occur, we need not decide if notice to Father was required in order to lift the stay of the earlier termination of jurisdiction order(s).[9]

DISPOSITION
The termination order is reversed and the matter is remanded for a hearing on the content of the exit orders.
Boren, P.J., and Fukuto, J., concurred.
NOTES
[1] The matter has been before this court on previous occasions. In In re Andrew L. (B080046 & B084140 [nonpub. opn.]), decided May 4, 1995, we affirmed the jurisdictional and disposition findings that permitting Mother to move out of state with the children, with the exception of one jurisdictional finding that was not supported by substantial evidence that physical abuse of four of the children occurred on a certain date. In In re Kelley L. (B090913 & B092341 [nonpub. opn.]), decided May 8, 1996, we affirmed orders regarding monitored weekly telephone conversations, psychological evaluation of Father, continued placement of the children with Mother, and arrangement of a visitation schedule.
[2] At 9:44 a.m., the court clerk stated that Father's counsel had called in and said he would be in court at 9:30.
[3] Counsel was served telephonically and by mail. There is no indication that Father was served with the motion or any notice of a May 20 hearing.
[4] Father apparently did not appear, and the Department has not demonstrated that he was served with notice of that hearing. However, as explained below, the Department contends that the appearance and argument of Father's counsel on July 1 waived any lack of notice to Father at the subsequent August 14 proceeding, from which orders arose that Father appeals.
[5] The trial court ordered Father not to contact, molest, attack, etc., Mother or otherwise harass Mother and any child.
[6] Father also filed a handwritten section 388 petition on September 12, 1996. He sought to modify the "unreasonable visitation rights and protective order." The petition asserted that the court had been "duped" by the witnesses and asked for unmonitored visits and unmonitored phone calls. That 388 petition was denied on September 16, 1996. All statutory references are to the Welfare and Institutions Code.
[7] Although the rule cites to California Rules of Court, rule 1406, Father points out that that rule does not pertain to notice and should probably be a reference to rule 1407.
[8] Citing Wilson v. Sunshine Meat & Liquor Co. (1983) 34 Cal.3d 554 [194 Cal. Rptr. 773, 669 P.2d 9], and Alioto Fish Co. v. Alioto (1994) 27 Cal. App.4th 1669, 1690 [34 Cal. Rptr.2d 244], the Department contends that the presence of Father's counsel on previous occasions waives notice to Father for the August 14 hearing at which neither Father nor his counsel appeared. We disagree. In Wilson, appearance and argument on the merits waived any right to adequate notice by not objecting when the trial court orally rendered its decision. In Alioto, the court held that the litigants' general appearances waived any objection to defects in service. Both are distinguishable from the case at bench, where a parent did not receive notice and where his attorney did not appear at the hearing from which the appealed orders arose.
[9] Moreover, we note that this decision relates only to the lack of notice to Father and in no way implies a ruling of any impropriety regarding the juvenile court's exit orders or its decision terminating jurisdiction. Father is entitled to a hearing on the exit orders which, as he indicates, may well affect him in the family law proceeding.