Filed 7/18/24  Santa Clara County Dept. of Child Support Services v. Mitchell CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | H051402 (Santa Clara County Super. Ct. No. 23CS000080) |
| Plaintiff and Respondent, | |
| v. | |
| STEPHAN DAMON MITCHELL, | |
| Defendant and Appellant; | |
| JENNY M. GOCHEZ FLORES, | |
| Respondent. | |

Representing himself, defendant Stephan Damon Mitchell[1] appeals from a judgment confirming parentage and establishing child support in an action initiated by plaintiff and respondent Santa Clara County Department of Child Support Services (the Department).  Mitchell contends that the trial court lacked personal jurisdiction over him, and that parentage was not established by admissible evidence.  We affirm.

---

[1] Mitchell calls himself "a lawful freeman known to use the name Stephan-Damon: Mitchell," and purports to be "a stateless non-legal entity."  We will refer to him as "Mitchell" for brevity.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2023, the Department filed a summons and complaint against Mitchell to establish child support for minor child, D.M., born in 2022. The complaint identified D.M.'s parents as Mitchell and respondent Jenny M. Gochez Flores[2] based on a voluntary declaration of parentage (VDOP) signed by both parents and filed with the Department of Child Support Services.

In March 2023, Mitchell filed an answer to the complaint. Attached to his answer were notarized documents entitled: (1) "Affidavit of General Denial," (2) "Affidavit of Specific Negative Averment," (3) "Affidavit of Status," (4) "Affidavit of Denial of Paternity and Parentage," and (5) "Written Objection." In such documents, Mitchell claimed he was a "free man," "homo liber," and "stateless non-legal entity," and identified a mailing address located in "Virginia Beach, Virginia Republic [zip code exempt] [¶] On the land commonly called America." Mitchell challenged the trial court's jurisdiction on the basis that, as a "homo liber," he was not "amenable to process issued by the courts of this State. . . ." Mitchell claimed he was "not a party to any valid contract or compact" with Flores or the Department requiring him to pay child support or to submit to DNA testing. Mitchell denied being D.M.'s biological and legal father and denied any parent-child relationship.

Thereafter, the Department filed a motion to seek entry of the proposed judgment on parentage and child support. The Department claimed Mitchell signed a VDOP for D.M., which was on file with the State of California, and that the VDOP had the same force and effect as a parentage judgment.

---

[2] Flores objects to Mitchell's reference to her and D.M. as "incompetent wards." We will disregard all such references as nothing in the record shows Flores or D.M. to be "incompetent" or "wards" of the state. (*Truong v. Nguyen* (2007) 156 Cal.App.4th 865, 882 [appellate courts may disregard statements in briefs based on improper matter].)

At the hearing on the Department's motion, Mitchell asserted that he was making a special appearance by telephone to contest personal jurisdiction. Mitchell raised several objections, including that the court did not have personal jurisdiction over him, that he had not been served, and that his presumed income was based on hearsay. Mitchell also objected to "signing the presumed VDOP standard form contract[,]" and objected to being designated D.M.'s father. The Department admitted that it did not properly serve Mitchell with the complaint to establish parentage and child support but argued that he consented to jurisdiction through his participation and general appearance in the proceeding. As to parentage, the Department informed the court that Mitchell's signed VDOP had been registered with the state. Mitchell did not testify at the hearing and declined to engage further with the court.

After the hearing, the court found that parentage had been established by the VDOP and entered orders for child support. The orders were conformed to a judgment filed July 13, 2023. Mitchell timely appealed the judgment.[3]

## II. DISCUSSION

Mitchell contends the judgment should be reversed because the trial court had no personal jurisdiction over him. Mitchell also asserts that the trial court's parentage determination was not supported by admissible evidence. The Department and Flores[4] each argue for affirmance of the judgment, contending that the trial court properly applied the law and that its finding on parentage was supported by the evidence. For the reasons stated below, we affirm the judgment.

---

[3] Mitchell's notice of appeal identified the judgment as dated July 26, 2023, the date the Department filed the notice of entry of judgment. We liberally construe Mitchell's notice of appeal to be from the judgment entered on July 13, 2023. (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882.)

[4] Flores asserts facts and procedural histories of the underlying case and another family law case involving Mitchell without citation to the record. Inasmuch as such assertions do not comply with the rules and procedure on appeal, this court will disregard them. (*Martinez v. Vaziri* (2016) 246 Cal.App.4th 373, 383.)

### A. Standard of Review

As to Mitchell's jurisdictional challenge, "[w]hen the evidence of jurisdictional facts is not in dispute, the issue whether the defendant is subject to personal jurisdiction is a legal question subject to de novo review." (*Burdick v. Superior Court* (2015) 233 Cal.App.4th 8, 17.)

We review the trial court's findings on parentage for substantial evidence. (*Kevin Q. v. Lauren W.* (2009) 175 Cal.App.4th 1119, 1136; *R.M. v. T.A.* (2015) 233 Cal.App.4th 760, 780 (*R.M.*).) "We view the evidence in the light most favorable to the ruling, giving it the benefit of every reasonable inference and resolving all conflicts in support of the judgment. [Citation.] We defer to the trial court's credibility resolutions and do not reweigh the evidence. [Citation.] If there is substantial evidence to support the ruling, it will not be disturbed on appeal even if the record can also support a different ruling. [Citation.]" (*R.M.,* at p. 780.)

### B. The Trial Court Had Personal Jurisdiction Over Mitchell

Mitchell argues the trial court lacked personal jurisdiction because he was never served with the summons and complaint and because, as a "stateless," "non-resident, "lawful freeman," there was no showing that he had the requisite minimum contacts with California to warrant the court's exercise of personal jurisdiction over him.

It is well established that "[a] general appearance by a party is equivalent to personal service of summons on such party." (Code Civ. Proc., § 410.50, subd. (a); Cal. Rules of Court, rule 5.68(c).) " 'A general appearance operates as a consent to jurisdiction of the person, dispensing with the requirement of service of process, and curing defects in service.' [Citation.] . . . . A general appearance can make up for a complete failure to serve a summons." (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1145 (*Fireman's Fund*).) A party makes a general appearance if he files an answer to the complaint (Code Civ. Proc., § 1014; Cal. Rules of Court, rule 5.62(b)(1)), contests the merits of the case, opposes a motion on the merits, or

raises other than jurisdictional objections.  (*Fireman's Fund*, at p. 1145; *Alioto Fish Co. v. Alioto* (1994) 27 Cal.App.4th 1669, 1689.)

In contrast, a defendant may object to the court's jurisdiction by making a special appearance solely for that purpose.  (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 8.)  A special appearance does not operate as consent to California's jurisdiction.  (*Ibid.*)  The nature of the relief sought, not the party's intentions, determines whether a special or general appearance has been made.  (*Humphrey v. Bewley* (2021) 69 Cal.App.5th 571, 579 (*Humphrey*).)

While Mitchell asserts that he intended only to make a special appearance to contest jurisdiction, his statements are not dispositive as his actions evidenced an intent to contest the complaint's parentage and support allegations.  (*Humphrey*, *supra*, 69 Cal.App.5th at p. 579.)  Here, Mitchell not only filed an answer to the complaint, but he also appeared at the hearing and argued the merits of the case, including D.M.'s parentage and his own income.  Based on this record, we conclude that Mitchell made a general appearance in the action and submitted to the court's jurisdiction.

The authorities cited by Mitchell do not support his contention that the trial court did not have jurisdiction over him because, in each of those cases, the defendant filed a motion to quash under Code of Civil Procedure section 418.10, and thus affirmatively contested the court's assertion of personal jurisdiction through a process recognized by statute.  Under that statute, while a motion to quash is pending, the defendant's answer or opposition to the court's orders is not considered a general appearance.  (Code Civ. Proc., § 418.10, subd. (e); Fam. Code, § 2012, subd. (a) [while a motion to quash is pending, respondent may appear "in opposition to an order made . . . and the appearance shall not be deemed a general appearance"].)  Mitchell, however, never filed a motion to quash. He thus is not entitled to assert that he falls within one of the exceptions under Code of Civil Procedure section 418.10 that would have permitted him to file an answer to the Department's complaint and oppose its motion on the merits without submitting to the

court's jurisdiction.  Accordingly, based on our independent review of the record, we conclude that the trial court obtained personal jurisdiction over Mitchell.[5]

### C.  No Error as to the Trial Court's Finding of Parentage

Mitchell contends the judgment should be reversed because the finding of D.M.'s parentage was based on hearsay and was contradicted by his signed affidavit stating he was not D.M.'s father. ~

Mitchell has waived this argument on appeal.  Evidentiary objections, such as hearsay, are waived on appeal if not asserted in the trial proceedings.  (Evid. Code, § 353, subd. (a); *In re C.B.* (2010) 190 Cal.App.4th 102, 132.)  Here, Mitchell did not raise a hearsay objection to the Department's testimony concerning parentage.  Although Mitchell raised a hearsay objection to testimony about his income, he did not raise the same objection to the Department's evidence submitted to prove parentage.  The only objection Mitchell made at the hearing regarding parentage was that he did not sign the VDOP.

Additionally, Mitchell argues, for the first time in his reply brief, that a copy of the VDOP should have been presented at the hearing and the Department's failure to do so requires reversal of the judgment.  We do not consider theories and arguments raised for the first time in the reply brief unless good reason is shown for the failure to present them in appellant's opening brief.  (*Feitelberg v. Credit Suisse First Boston, LLC* (2005) 134 Cal.App.4th 997, 1022.)  Mitchell has not offered any reason for his failure to present this argument earlier.  Accordingly, such arguments have also been waived on appeal.

Even if we were to consider the merits of Mitchell's arguments, he has not shown error.  Mitchell contends that parentage had not been established because the trial court relied only on the Department's claim that a VDOP had been signed and filed with the

---

[5] Because we conclude that Mitchell made a general appearance in the proceedings below, we do not consider his argument that he had insufficient minimum contacts with California to enable the trial court to assert personal jurisdiction over him.

state.  But we do not reweigh the evidence and we defer to the trial court's credibility determinations.  (*R.M., supra,* 233 Cal.App.4th at p. 780.)  It is well established that substantial evidence can consist of the testimony of a single witness.  (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614.)  Here, the Department submitted a declaration—and the Department's representative testified to the same at the hearing—that Mitchell signed a VDOP for D.M. that was on file with the State of California.  A validly executed VDOP filed with the Department of Child Support Services "is equivalent to a judgment of parentage. . . ."  (Fam. Code, § 7573, subd. (d).)  Thus, there was substantial evidence to support the trial court's finding of parentage.  Mitchell's assertions that he did not sign the VDOP and is not D.M.'s legal father go to the weight of the evidence, which is beyond our purview on substantial evidence review.

We conclude that Mitchell has not demonstrated any error that justifies a reversal of the judgment.

### III.    DISPOSITION

The judgment entered on July 13, 2023 is affirmed.

_____

Greenwood, P. J.

WE CONCUR:


_____

Bamattre-Manoukian, J.



_____

Wilson, J.



Santa Clara Co. Dept. of Child Support Services v. Mitchell
H051402